IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-60897

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RYAN MICHAEL TEEL

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:06-CR-79-1

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ryan Michael Teel, a former booking officer at the Harrison County Adult Detention Center in Harrison County, Mississippi, appeals his convictions and sentences for (1) conspiring to deprive inmates at the jail of their constitutional rights while acting under color of law, in violation of 18 U.S.C. § 241; and (2) willfully depriving inmate Jesse Lee Williams of his right to be free from the use of excessive force under color of law, thereby causing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his death, in violation of 18 U.S.C. § 242. For the reasons that follow, we AFFIRM.

Teel asserts that the district court improperly concluded that he failed to make a prima facie showing of race or gender discrimination under Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986), when the Government used five of its six peremptory challenges to strike white males from the jury pool. Teel mischaracterizes the court's ruling. The court actually assumed the existence of a prima facie case of discrimination, considered the Government's proffered gender and race-neutral reasons for its peremptory strikes—none of which were challenged by Teel—and found that Teel had not proven unlawful discrimination in violation of Batson. We find no clear error. See, e.g., United States v. Denman, 100 F.3d 399, 404-05 (5th Cir. 1996).

Teel also challenges several evidentiary rulings by the district court, including allowing Government witnesses to provide "legal opinions" regarding excessive force, and permitting a Government expert, Dr. James Doty, to testify beyond the scope of his pre-trial disclosure pursuant to Fed. R. Crim. P. 16. The evidence supporting Teel's conviction was overwhelming. Teel also offers nothing more than conclusory and speculative assertions of prejudice resulting from Dr. Doty's challenged testimony. We see no error, and the admission would have been harmless in any event. See, e.g., United States v. Yanez Sosa, 513 F.3d 194, 203 n.4 (5th Cir. 2008) (assuming that Rule 16 disclosure requirements were violated, but concluding no prejudice was shown); United States v. Williams, 343 F.3d 423, 435 & n.11 (5th Cir. 2003) (concluding that a police officer's improper testimony about the reasonableness of a police shooting was harmless in the face of "overwhelming" evidence against the defendant). We further conclude that the district court properly barred Teel's expert from going beyond consideration of the conduct to offer legal conclusions regarding whether the assault on Williams constituted excessive force. See Williams, 343 F.3d at

435 (explaining that FED. R. EVID. 704(a) "'does not allow a witness to give legal conclusions'" (internal citation omitted)).

Teel's assertion that 18 U.S.C. § 242 is unconstitutionally vague is unmeritorious. The facial constitutionality of § 242 was settled long ago, Screws v. United States, 325 U.S. 91, 103-04, 65 S. Ct. 1031, 1036-37 (1945), as was the statute's application to the right to be free from excessive force under color of law, see United States v. Stokes, 506 F.2d 771, 776 (5th Cir. 1975) (construing § 242 to encompass a due process right to be free from unreasonable, unnecessary, or unprovoked force by state actors). In light of this precedent, Teel cannot demonstrate that he lacked fair notice that beating a restrained inmate to death would be unlawful under the Constitution and, hence, subject to criminal liability under § 242. See, e.g., United States v. Lanier, 520 U.S. 259, 271-72, 117 S. Ct. 1219, 1228 (1997) (holding criminal liability under § 242 "may be imposed for deprivation of a constitutional right if . . . 'in the light of pre-existing law the unlawfulness [under the Constitution is] apparent'" (internal citation omitted)).

Additionally, contrary to Teel's contentions, the district court did not abuse its discretion by refusing to instruct the jury separately on self-defense. The instructions provided by the court regarding willfulness and excessive force fairly and adequately encompassed Teel's theory that he struck Williams in self-defense. Therefore, the absence of a specific self-defense instruction did not impair Teel's ability to advance that defense. See, e.g., United States v. Simkanin, 420 F.3d 397, 411 (5th Cir. 2005).

Nor do we find that the district court abused its discretion by unsealing an affidavit voluntarily filed by Teel in support of a pretrial motion and making it available to the Government for impeachment purposes. Teel's affidavit was not compelled testimony that implicates the Fifth Amendment, and his decision to testify in his own defense "waive[d] his fifth amendment privilege against self-

incrimination at least to the extent of cross-examination relevant to issues raised by his testimony." United States v. Beechum, 582 F.2d 898, 907 (5th Cir. 1978) (en banc). Teel further asserts that unsealing the affidavit violated the rule limiting cross-examination "to the subject matter of the direct examination and matters affecting the credibility of the witness." FED. R. EVID. 611(b). Rule 611(b), however, has no bearing on the court's anticipatory ruling allowing the Government to review the contents of Teel's affidavit for potential use during cross-examination. Notably, too, the Government's limited uses of Teel's affidavit to impeach him fell squarely within the scope of his direct testimony regarding the use of force by fellow booking officers, in compliance with Rule 611(b).

Finally, Teel asserts that the district court violated Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), and its progeny by basing his life sentences on the court's own classification of the underlying offense as second degree murder, instead of submitting that issue to the jury. Apprendi does not apply except when those facts (other than a prior conviction) found by a judge increase a sentence above the statutory maximum. Id. at 490, 120 S. Ct. at 2362-63; see also Cunningham v. California, 549 U.S. 270, 274-75, 127 S. Ct. 856, 860 (2007). The statutes in this case authorize a maximum punishment of life imprisonment or the death penalty for violations resulting in death of the victim. 18 U.S.C. §§ 241, 242. Because the jury found that Teel violated §§ 241 and 242 and that Williams died as a result, the court did not violate Apprendi by imposing a sentence that the jury verdict alone permitted. See, e.g., Blakely v. Washington, 542 U.S. 296, 303-04, 124 S. Ct. 2531, 2537 (2004) (construing Apprendi and Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428 (2002), to prohibit a judge from inflicting punishment that the jury's verdict, standing alone, does not allow). Additionally, as noted by the district court, United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), rendered the Federal Sentencing Guidelines

advisory only. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Under Booker, it was appropriate for the district judge to make factual findings by a preponderance of the evidence to determine the applicable Guidelines range. Id. Accordingly, the district court did not violate Teel's Sixth Amendment right to a jury trial by imposing life sentences.

AFFIRMED.